IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CLARENCE D. SCHREANE, | : | CIVIL ACTION NO. **3:CV-14-1165** |
| Petitioner | : | (Judge Caputo) |
| v. | : | (Magistrate Judge Blewitt) |
| M. RENDA , | : | |
| Respondent | : | |

| | | |
|---|---|---|
| CLARENCE D. SCHREANE, | : | CIVIL ACTION NO. **3:CV-14-1243** |
| Petitioner | : | (Judge Caputo) |
| v. | : | (Magistrate Judge Blewitt) |
| JEFF THOMAS, | : | |
| Respondent | : | |

**REPORT AND RECOMMENDATION**

**I.     Procedural Background.**

On June 17, 2014, Petitioner Clarence Schreane, an inmate at USP Lewisburg in Lewisburg, Pennsylvania, filed, *pro se*, a Petition for Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2241, in this Court in Docket No. 3:14-CV-1165.[1] (**Doc. 1**). On June 27, 2014, Petitioner filed an additional Petition for Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2241, in this Court in Docket No. 3:14-CV-1243. (**Doc. 1**). Petitioner filed Motions to proceed *in forma pauperis* in both Petitions. (Docs. 2). We will grant Petitioner's *in forma pauperis* Motions solely for the purpose of

---

[1]We note that Petitioner has previously filed three *Bivens* civil rights actions, under 28 U.S.C. § 1331, with this Court. Petitioner also previously filed six Petitions for Writ of Habeas Corpus under 28 U.S.C. § 2241, with this Court.

filing these actions. We do so since we find that Petitioner has failed to exhaust his administrative remedies in both petitions. Named as Respondent in habeas petition No. 3:14-CV-1165 is M. Renda; Disciplinary Hearing Officer[2]. (Doc. 1). In habeas petition No. 3:14-CV-1243, named Respondent is Jeff Thomas; Warden at USP Lewisburg. (Doc. 1). The habeas petitions have not yet been served on Respondents for a response.

In Petition No. 3:14-CV-1165, Petitioner essentially raises a due process violation regarding a disciplinary action he received for an incident. (Docs. 1, p. 2). Petitioner did not fully complete the form habeas petition, thus it is unknown when the incident occurred. (*Id.*). Petitioner notes that the incident report number is 201694, but he does not provide a copy of the incident report for review. (*Id.*). It appears Petitioner is challenging a decision from a June 10, 2010 DHO hearing in which the imposed action was "Dis. GCT/Loss Phone, for both incident reports good time credits phone, the body of the incident reports (2016194)." [sic] (*Id.*). As relief, Petitioner requests the Court grant "the appropriate relief due to the infestation of due process, that was violated, this incident should be expunged from Mr. Schreane sentry file." (*Id.*).

In the habeas petition No. 3:14-CV-1243, Petitioner again raises a due process violation regarding a disciplinary action he received for an incident. (Docs. 1, p. 2). Again, Petitioner did not fully complete the form habeas petition. (*Id.*). Petitioner notes that the incident report number

---

[2]Insofar as Petitioner has filed a petition for habeas under § 2241, he has not named the correct Respondent. *See Rumsfeld v. Padilla*, 542 U.S. 426, 428 (2004) (holding that "Whenever a § 2241 habeas petitioner seeks to challenge his present physical custody within the United States, he should name his warden as respondent and file the petition in the district of confinement."). Thus, the correct Respondent in this case is Jeff Thomas, Warden at USP Lewisburg.

is 2119219, but he does not provide a copy of the incident report for review. (*Id*.). It appears Petitioner is challenging a decision from a February 16, 2011 DHO hearing in which the imposed action was "Dis. GCT/27 days/cs ds/30 days/cs lp visit/180 days/cs 27 days GCT.", for both incident reports good time credits phone, the body of the incident reports (2016194)." [sic] (*Id*.). As relief, Petitioner requests that the Court "[r]equest the surveillance video on 2-1-11 at 6:35 am, Coleman, Florida, Unit I, cell 210, due to the violation of Mr. Schreane Procedural Due Process violation he's requesting the Court to dismiss the incident report, for the fundamental right of Mr. Schreane being violated, reparative injunction." [sic] (*Id.*, p. 9).

We now give preliminary consideration to both habeas petitions pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the U.S. District Courts, 28 U.S.C. foll. § 2254 (1977) (applicable to § 2241 petitions under Rule 1 (b)). *See Patton v. Fenton*, 491 F. Supp. 156, 158-59 (M.D. Pa. 1979); *Romero v. Holt*, 2006 WL 3437360 (M.D. Pa.); *Winfield v. Martinez*, 2008 WL 4541945 (M.D. Pa.); *Francis v. U.S.*, 2009 WL 1010522 (M.D. Pa.); *Rivera v. Scism*, Civil No. 10-1773, M.D. Pa.[3]

## II.  Factual Background.

On January 10, 2001, Petitioner was convicted for possession of a firearm as a felon, in violation of 18 U.S.C. § 922(g)(1) and § 924(e), by a jury in the United States District Court for the

---

[3]Rule 4 provides in relevant part: "If it plainly appears from the petition and any attached exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified."

Eastern District of Tennessee.[4]  Pursuant to that conviction, Petitioner was sentenced, on October 5, 2001, to a sentence of three hundred twenty seven (327) months incarceration and five (5) years supervised release.  Subsequently, Petitioner appealed that sentence to the Sixth Circuit Court of Appeals, and they affirmed the District Court's judgment of sentence on June 11, 2003.  After the Sixth Circuit Court affirmed the District Court, Petitioner filed for a Writ of Certiorari seeking to appeal to the Supreme Court, but was denied on November 5, 2003.

On November 9, 2004, Petitioner filed an initial § 2255 Motion to Vacate in regard to his sentence.  The District Court for the Eastern District of Tennessee denied that motion as time-barred by the statute of limitations on December 13, 2004.   Petitioner filed a second § 2255 Motion to Vacate on February 19, 2009.  On May 27, 2009, the District Court ordered that Petitioner's motion, as a second or successive motion to vacate, be transferred to the Sixth Circuit Court of Appeals since he had not received permission to file a successive §2255 motion, as required.  On June 17, 2010, the Circuit Court denied Petitioner's motion to file a second § 2255 motion.

Subsequently, Petitioner attempted several times to file successive motions to vacate under § 2255, each of which was denied by the Sixth Circuit Court of Appeals.  Most recently, in May 2012, Petitioner filed a motion under Federal Rule of Civil Procedure 60(b) for relief from the District Court's October 8, 2010 judgment denying his prior Rule 60(b) motion challenging the

---

[4]We take judicial notice of Criminal Docket No. 1:98-CR-061 from the Eastern District of Tennessee, in which Petitioner was convicted of the unlawful transportation of firearms as a felon.  We accessed the Docket at https://ecf.tned.uscourts.gov.

denial of his § 2255 motion in 2004. The Sixth Circuit Court of Appeals interpreted this as another § 2255 motion, and denied the successive motion on January 7, 2013.

As stated, Petitioner also previously filed six additional petitions for writ of habeas corpus under 28 U.S.C. § 2241 in the Court. (Civil Docket Nos. 13-1643, 13-2478, 13-3009, 13-3110, 14-246 (open) and 14-719, all filed in M.D. Pa.). We note that Plaintiff Schreane has filed at least three prior civil rights actions with this Court, namely, Civil Nos. 10-1765, 11-613, and 13-1057(open), M.D. Pa. Petitioner filed the §2241 Petition for writ of habeas corpus in 3:14-CV-1165 on June 17, 2014 and the §2241 Petition for writ of habeas corpus in 3:14-CV-3110 on June 27, 2014 in this Court. Both Petitions are Due Process challenges to disciplinary action taken against him.

### III.   Discussion.

#### A.   **Claims of Habeas Petition Docket No. 3:14-CV-1165.**

Petitioner is required to exhaust his BOP administrative remedies through the prison grievance process before he can raise his instant claims in this §2241 habeas petition. *See* 28 C.F.R. § 542.10-.23. Petitioner did not complete the exhaustion section of the form habeas petition and only provides limited details on his appeals. (Doc. 1, p. 2). Petitioner does not provide any information regarding the administrative remedy he filed. (*Id*.). Thus, it appears Petitioner did not exhaust his administrative remedies prior to filing his Petition. (*Id*.). Petitioner notes that he appealed first to the Northeast Regional Office, FBOP and second to the Central Office, FBOP. (*Id*., pp. 2-3). Petitioner further states that he did not file any further appeals. (*Id*.). Petitioner does not provide complete information regarding any administrative remedies or appeals he filed. (*Id*.).

Furthermore, Petitioner does not provide the date of filing, date of result or issues raised with the Northeast Regional Office, FBOP and second to the Central Office, FBOP.

Petitioner was required to exhaust his BOP administrative remedies before he filed his habeas petition and there is no evidence of record that Petitioner completed the exhaustion requirements.  *See Arias v. United States Parole Comm'n*, 648 F.2d 196, 199 (3d Cir. 1981). Because we construe Petitioner's instant claims as challenging the BOP 's computation of his good conduct time toward his sentence as a result of a disciplinary action, we find that Petitioner is required to exhaust his administrative remedies before filing his writ of habeas corpus pursuant to 28 U.S.C. § 2241.  *See Moscato v. Federal Bureau of Prisons*, 98 F.3d 757, 760 (3d Cir. 1996); *Bradshaw v. Carlson*, 682 F.2d 1050, 1052 (3d Cir. 1981) (*per curiam*).  Section 2241 does not contain a statutory exhaustion requirement, however, the United States Court of Appeals for the Third Circuit has required inmates to exhaust their administrative remedies prior to petitioning for a writ of habeas corpus. *Moscato v. Fed. Bureau of Prisons*, 98 F.3d 757, 760 (3d Cir. 1996).  The Court requires exhaustion  for the following reasons: "(1) allowing appropriate agency to develop a factual record and apply its expertise facilitates judicial review; (2) permitting agencies to grant the relief requested conserves judicial resources; and (3) providing  agencies the opportunity to correct their own errors fosters administrative autonomy."  *Moscato*, 98 F.3d at 761-62 (3d Cir. 1996) (citations omitted).

The BOP set forth the procedures used by federal inmates to exhaust their administrative remedies in 28 C.F.R. §§ 542.10-542.19.  In order to exhaust administrative remedies of a DHO

claim, first[5], the inmate must submit a formal, written Administrative Remedy Request to the Regional Director within 20 days of the occurrence that is the underlying basis for such a request. 28 C.F.R. 542.14 (d)(2) and 28 C.F.R. 542.15(a). If accepted, the Regional Director's response is due within 30 days. 28 C.F.R. 542.18. Second, if the inmate believes that the BOP Regional Director's response is unsatisfactory, the inmate is entitled to appeal the decision to the General Counsel at the BOP Central Office within 30 days. 28 C.F.R. 542.15(a). "Appeal to the General Counsel is the final administrative appeal." *Id*. If accepted, the General Counsel's response is due within 40 calendar days. 28 C.F.R. 542.18. "If an inmate does not receive a response within the time allotted for reply, including extension, the inmate may consider the absence of a response to be a denial at that level." *Id*.

In light of the foregoing, we will recommend that Petitioner's Petition in Docket No. 3:14-CV-1165 be dismissed without prejudice for Petitioner's failure to exhaust his administrative remedies regarding the disciplinary action taken against him for misconduct. Petitioner is well aware of the exhaustion requirements as he has been informed by this Court in the previous matters he has filed with this Court. Petitioner appears to be attempting to file the same or similar habeas petitions based on disciplinary actions which have previously been dismissed by the Court by providing minimal and incomplete information for the Court to review. Petitioner has not completed the habeas petition and has not provided the Court with sufficient information regarding the exhaustion of his administrative remedies. Thus, we must caution Petitioner that if he files

---

[5]DHO appeals are an exception to the initial informal resolution process required by 28 C.F.R. 542.13. *See* 28 C.F.R. 542.14(d)(2).

another habeas petition based on the disciplinary action discussed herein, he must complete the form habeas petition and all of the questions on the form including the date of filing, date of result and issues raised with the Northeast Regional Office, FBOP and second to the Central Office, FBOP. Petitioner may also file copies of his administrative remedy requests and forms as an exhibit to his petition. Furthermore, Petitioner noted that his DHO hearing was June 10, 2010, thus Petitioner must also review the statute of limitations for the filing of habeas petition challenging disciplinary action.

### B.     Claims of Habeas Petition Docket No. 3:14-CV-1243.

As fully discussed above, because again we construe Petitioner's instant Due Process claims as challenging the BOP 's computation of his good conduct time toward his sentence as a result of a disciplinary action taken against him, again we find that Petitioner is required to exhaust his administrative remedies before filing his writ of habeas corpus pursuant to 28 U.S.C. § 2241. *See Moscato v. Federal Bureau of Prisons*, 98 F.3d 757, 760 (3d Cir. 1996); *Bradshaw v. Carlson*, 682 F.2d 1050, 1052 (3d Cir. 1981) (*per curiam*).

Petitioner did not complete the exhaustion section of the habeas petition and only provides limited details on his appeals. (Doc. 1, p. 2). Petitioner states that he filed the administrative remedy with J, Carey, FBOP on April 12, 2011 and was denied on May 2, 2011. (*Id.*). Petitioner next appealed to the FBOP on June 1, 2011 which was denied on June 22, 2011. (*Id.*). Petitioner did not appeal any further. Thus, it appears Petitioner did not exhaust his administrative remedies prior to filing his Petition. (*Id.*). Petitioner does not provide any documents regarding his administrative remedies or appeals.

Petitioner did not complete the exhaustion process.  The inmate must submit a formal, written Administrative Remedy Request to the Regional Director within 20 days of the occurrence that is the underlying basis for such a request. 28 C.F.R. 542.14 (d)(2) and 28 C.F.R. 542.15(a). If accepted, the Regional Director's response is due within 30 days. 28 C.F.R. 542.18.  Second, if BOP Regional Director's response is unsatisfactory to Petitioner, Petitioner is entitled to appeal the decision to the General Counsel at the BOP Central Office within 30 days. 28 C.F.R. 542.15(a). "Appeal to the General Counsel is the final administrative appeal." *Id*.  Petitioner does not provide documentation that he completed the three steps in the process.  Thus, we will recommend that Petitioner's Petition in Docket No. 3:14-CV-1243 be dismissed without prejudice for Petitioner's failure to exhaust his administrative remedies regarding the disciplinary action taken against him for misconduct.

**IV**.     **Recommendation.**

Based upon the foregoing, it is respectfully recommended that Petitioner's Petition for Writ of Habeas Corpus Docket No. 3:14-CV-1165 (**Doc. 1**) and Petition for Writ of Habeas Corpus Docket No. 3:14-CV-1243 (**Doc. 1**) be dismissed without prejudice for failure to exhaust administrative remedies, without directing service of it on Respondents.  We also recommend that Petitioner's *in forma pauperis* Motions **(Docs. 2)** be granted solely for the purpose of filing these actions.

> s/ Thomas M. Blewitt
> **THOMAS M. BLEWITT**
> **United States Magistrate Judge**

**Dated: July 7, 2014**

9

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CLARENCE D. SCHREANE, | : | CIVIL ACTION NO. **3:CV-14-1165** |
| Petitioner | : | (Judge Caputo) |
| v. | : | (Magistrate Judge Blewitt) |
| M. RENDA , | : | |
| Respondent | : | |

| | | |
|---|---|---|
| CLARENCE D. SCHREANE, | : | CIVIL ACTION NO. **3:CV-14-1243** |
| Petitioner | : | (Judge Caputo) |
| v. | : | (Magistrate Judge Blewitt) |
| JEFF THOMAS, | : | |
| Respondent | : | |

## NOTICE

NOTICE IS HEREBY GIVEN that the undersigned has entered the foregoing Report and Recommendation dated **July 7, 2014.**

Any party may obtain a review of the Report and Recommendation pursuant to Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof.  Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections.  The briefing requirements set forth in Local Rule 72.2 shall apply.  A judge shall make a *de novo* determination of those portions of the report or

specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Failure to file timely objections to the foregoing Report and Recommendation may constitute a waiver of any appellate rights.

          <u>s/ Thomas M. Blewitt</u>
          **THOMAS M. BLEWITT**
          **United States Magistrate Judge**

**Dated: July 7, 2014**