**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

CLARENCE D. SCHREANE,

       Petitioner,

          v.

M. RENDA,

       Respondent.

CIVIL ACTION NO. 3:CV-14-1165

(JUDGE CAPUTO)

(MAGISTRATE JUDGE BLEWITT)

**<u>MEMORANDUM ORDER</u>**

Presently before the Court is Magistrate Judge Blewitt's Report and Recommendation (Doc. 4) to Petitioner Clarence Schreane's Petition for Writ of Habeas Corpus (Doc. 1.) Here, Petitioner is challenging a decision in which the imposed action was "Dis. GCT/Loss Phone, for both incident reports good time credits phone, the body of the incident reports (2016194)." (*Id.* at ¶ 6.) Magistrate Judge Blewitt recommends that the Petition be dismissed without prejudice because Petitioner failed to exhaust his administrative remedies. Specifically, Magistrate Judge Blewitt notes that Petitioner did not fully complete the form habeas Petition and that he only provided limited details regarding his administrative appeals. Additionally, Magistrate Judge Blewitt emphasizes that "Petitioner does not provide the date of filing, date of result or issues raised with the Northeast Regional Office, FBOP and second to the Central Office, FBOP."

Petitioner filed timely objections to the Report and Recommendation. According to Petitioner, he need "not plead or prove exhaustion of remedies; rather failure to exhaust is an affirmative defense" under *Jones v. Bock*, 549 U.S. 199, 127 S. Ct. 910, 166 L. Ed. 2d 798 (2007). (Doc. 5, 4.)

Where objections to the Magistrate Judge's report are filed, the court must conduct a *de novo* review of the contested portions of the report. *Sample v. Diecks*, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989) (citing 28 U.S.C. § 636(b)(1)(c)). However, this only applies to the extent that a party's objections are both timely and specific. *Goney v. Clark*, 749 F.2d 5, 6-7 (3d Cir. 1984) (emphasis added). In conducting a *de novo* review, the court may accept,

reject, or modify, in whole or in part, the factual findings or legal conclusions of the magistrate judge. *See* 28 U.S.C. § 636(b)(1); *Owens v. Beard*, 829 F. Supp. 736, 738 (M.D. Pa. 1993).   Although the review is *de novo*, the law permits the court to rely on the recommendations of the magistrate judge to the extent it deems proper. *See United States v. Raddatz*, 447 U.S. 667, 675–76, 100 S. Ct. 2406, 65 L. Ed. 2d 424 (1980); *Goney*, 749 F.2d at 7; *Ball v. United States Parole Comm'n*, 849 F. Supp. 328, 330 (M.D. Pa. 1994). Uncontested portions of the report may be reviewed at a standard determined by the district court. *See Thomas v. Arn*, 474 U.S. 140, 154, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); *Goney*, 749 F.2d at 7.   At the very least, the court should review uncontested portions for clear error or manifest injustice. *See, e.g., Cruz v. Chater*, 990 F. Supp. 375, 376-77 (M.D. Pa. 1998).

Magistrate Judge Blewitt's recommendation to dismiss the Petition without prejudice will be adopted.   As noted in the Report and Recommendation, Petitioner failed to fully complete the exhaustion of remedies section of his form habeas Petition.   Petitioner likewise did not submit with the Petition any documentation regarding his administrative remedies or appeals.   Thus, Petitioner has failed to detail his compliance with the requirements of the Bureau of Prisons' Administrative Remedy Program. *See* 28 C.F.R. §§ 542.10-542.19; *see also Rogers v. United States*, 696 F. Supp. 2d 472, 484 (W.D. Pa. 2010) (detailing the Bureau of Prisons' "multi-tier system whereby a federal prisoner may seek formal review of any aspect of his imprisonment."). Moreover, Petitioner's reliance on *Jones v. Bock*, 549 U.S. 199, 127 S. Ct. 910, 166 L. Ed. 2d 798 (2007) is misplaced because "*Jones* does not control the current case as the holding in *Jones* applies to actions under the PLRA, not to habeas corpus proceedings." *Dorsey v. Angelini*, No. 07-1092, 2008 WL 4279614, at *3 (M.D. Pa. Sept. 15, 2008); *see also Korobov v. Angeli*, No. 07-1274, 2008 WL 2787874, at *1 (M.D. Pa. July 17, 2008) (same).  The Petition is therefore subject to dismissal without prejudice for failure to exhaust administrative remedies.

**ACCORDINGLY**, this 12th day of August, 2014, upon consideration of the Report and Recommendation of Magistrate Judge Thomas M. Blewitt (Doc. 4) and Petitioner's Objections thereto (Doc. 5), **IT IS HEREBY ORDERED** that the Report and Recommendation (Doc. 4) is **ADOPTED** and the Petition for Writ of Habeas Corpus (Doc. 1) is **DISMISSED without prejudice**.

**IT IS FURTHER ORDERED** that Petitioner's Motion to Proceed *In Forma Pauperis* (Doc. 2) is **GRANTED** solely for the purpose of filing this action.

   /s/ A. Richard Caputo
A. Richard Caputo
United States District Judge